# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

---

**The Navajo Nation, Plaintiff,**
**v.**
**Cynthia Hunter, C# 500,216, Defendant.**
**Decided May 9, 1995**

---

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER was heard in this Court and this Court found the facts as follows:

1. Stanley King testified that he went to Waterflow to get snacks at US 64 MP 30. As he drove his private vehicle to the Fina gas station, he noticed a commotion involving one female and four males in a brown 4X4 Ford truck.

2. On his way home, Mr. King noticed the truck parked at Hogback and he slowed down and passed the vehicle. He parked in front of the store. The occupants of the vehicle were asking people to buy alcohol for them. After a period of time, two of the males went inside and carried out two cases of beer (24-pack Budweiser) and they got into the brown Ford pickup.

3. Mr. King testified that he observed the vehicle drive west and he described it as going fast and in and out of traffic.

4. When Mr. King turned off to his residence off US 64, he saw a Navajo Police vehicle about 300 feet west - flashing its lights off and on.

5. Officer Jefferson Joe was the occupant of the Police vehicle and Mr. King gave him a description of what he observed and Officer Joe proceeded after the vehicle.

6. Officer Joe testified that upon receiving information of the vehicle carrying liquor, he called the dispatcher and gave the Arizona license plate number given to him by Mr. King.

7. Officer Joe proceeded after the vehicle which he observed as speeding, weaving in and out of traffic, which was at the time heavy.

8. Officer Joe stopped the vehicle at "That's A Burger" parking lot area which he stated is on the reservation in Shiprock, New Mexico.

9. The driver of the vehicle informed Officer Joe that he was asked by Defendant Hunter to drive her vehicle.

10. Upon questioning, Police Officer observed liquor on the right rear passenger's lap. There were three young men in the back. Further investigation produced more beer on the rear of the floor board.

11. Officer Joe, in the course of this investigation, learned that Defendant was the owner of the vehicle and that it was registered in her name.

12. Upon getting Defendant out, Officer Joe noticed Defendant had been drinking as he stated he smelled alcohol on Defendant's breath and she had bloodshot eyes.

13. Officer Joe testified that he observed one passenger, a child, to be passed out, and upon inquiry learned he was 16 years old with a birthdate of November 27, 1977. There was another minor passenger with a birthdate of September 09, 1978 and he was 15 years of age.

14. The Defendant was then placed in the Police unit and the liquor was confiscated.

15. Based upon this information, Defendant was charged with the following:
   Delivery of Liquor - 47 unopened 12 fl. oz. Budweiser cans;
   Contributing to Delinquency of Minor; and
   Two counts of Endangering the Welfare of Minors.

16. Police Officer Charlie Dodge testified that he removed one child from the back seat of the pickup and arrested him for Public Intoxication. Officer Dodge stated that when he learned the person removed was a Juvenile, he released him to his brother.

## CONCLUSIONS OF LAW

### 1. Delivery of Liquor

To be found Guilty of Delivery of Liquor, Defendant must intentionally or knowingly deliver or is in possession of liquor with intent to deliver.

Here the Defendant or adult owned the vehicle in which 47 cans of beer were located. There is a presumption that there was intent to deliver the liquor when a person has 12 or more bottles of beverage with an alcohol content of 10% or greater or when she is in possession of 24 or more bottles or cans of beverage with an alcohol content of less than 10%. Here, there were 47 cans of Budweiser beer. The Court took judicial notice that the confiscated beer fell within the categories above.

Defendant knew there were cases of beer totalling 47 cans within her vehicle. There was constructive transfer of possession of alcoholic beverages. This presumption can be rebutted by Defendant, however, the Defendant did not make a rebuttal.

### 2. Endangering the Welfare of a Minor

Here the Officer charged Defendant with two counts of Endangering the Welfare of a Minor. Endangering the welfare of a minor is when defendant intentionally or knowingly contributes, encourages or causes a person under 18 years of age to be subjected to the infliction of physical or mental injury including failing to maintain reasonable care and treatment thereof. In applying this section of the Criminal Code, liberal construction is to be given in favor of the Navajo Tribe

for the protection of the minor from the effects of the improper conduct, acts or bad examples of any person which may be calculated to cause, encourage or contribute to the adverse welfare of minors, although such person is in no way related to the minor.

Here, Defendant, owner of vehicle, took into her vehicle two minors and within her vehicle allowed them to consume alcohol to a point that Child A, DOB: 11-27-77, passed out, and Child B, DOB: 09-09-78, was apprehended and both were released to their older brothers. Both juveniles were subjected to the infliction of physical or mental injury including the failure to maintain reasonable care and treatment.

### 3. Contributing to the Delinquency of Minors

Defendant was also charged with Contributing to the Delinquency of a Minor in which the arresting officer charged Defendant with knowingly assisting, aiding, encouraging or advising minor to commit an offense as defined by the laws of the Navajo Nation.

Here, again, Defendant allowed the minors into her vehicle to become intoxicated to a point of having passed out. One of the juveniles was arrested for Public Intoxication and was released to an adult. This Court finds that Defendant aided the child in becoming intoxicated.

It is therefore the finding of this Court that Defendant is guilty for Delivery of Liquor, Contributing to Delinquency of Minor and two counts of Endangering the Welfare of a Minor.

IT IS HEREBY ORDERED that a sentencing hearing be scheduled no later than 30 days from this day. A pre-sentence report is to be submitted no later than 20 days from today.

IT IS FURTHER ORDERED that Defendant schedule an interview with the Probation and Parole Office within the next 10 days.